Filed 9/7/21  P. v. Say CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>SOMESAY SAY,<br><br>    Defendant and Appellant. | C093075<br><br>(Super. Ct. No. 19FE018424) |

Appointed counsel for defendant Somesay Say filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Having reviewed the record as required by *Wende*, we find no arguable errors that are favorable to defendant.  Accordingly, we will affirm the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

The People's felony complaint charged defendant with a count of manufacture, distribution, sale or transport of an assault weapon. (Pen. Code, § 30600, subd. (a).)[1] It further alleged that due to defendant's prior conviction for assault with a deadly weapon (§ 245, subd. (a)(1)), defendant was ineligible to serve a local prison term (§ 1170, subd. (h)(3)) as he had been previously convicted of a serious felony (§ 1192.7, subd. (c)) and had suffered a prior strike (§§ 667, subds. (b)-(i), 1170.12).

Defendant was held to answer following a preliminary hearing, the complaint was deemed the information, and the court allowed the People to amend the complaint by interlineation to change the specific date of the alleged offense. The trial court denied defendant's requests to be released in light of the risks posed by COVID-19.

Thereafter, on August 19, 2020, defendant pleaded no contest to the lesser related offense of possession of an assault weapon (§ 30605, subd. (a)) and admitted the prior strike, which had actually been assault with a firearm (§ 245, subd. (a)(2)). In exchange, defendant would receive a stipulated sentence of four years, comprised of two years for the possession count, doubled because of the prior strike. The factual basis for defendant's plea was that "[o]n April 10th of 2019, within Sacramento County, the defendant was in possession of an assault weapon by virtue that it is a semi-automatic center-fire rifle with a detachable magazine and has a thumbhole stock, pursuant to Penal Code section 30515(a). [¶] Further, your Honor, the defendant has suffered a prior strike, in that he was convicted of a felony violation of California Penal Code section 245(a)(2), assault with a firearm, on December 19th of 2008, in Sacramento county." Defendant waived his right to a probation report and waived time for sentencing.

---

[1]     Undesignated statutory references are to the Penal Code.

At the sentencing hearing, the trial court denied defendant's request to strike the prior strike, finding this request inconsistent with defendant's plea deal and alternatively ruling it would also deny the request on the merits. Thereafter, the trial court sentenced defendant in accordance with his plea deal to an aggregate term of four years and awarded him 589 days presentence custody credit (295 actual days plus 294 conduct days). The court also imposed a $300 restitution fine (§ 1202.4), a $300 stayed parole revocation restitution fine (§ 1202.45), a $30 conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8). Defendant timely appealed and did not request a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                            /s/
                                      BLEASE, Acting P. J.

We concur:

    /s/
HULL, J.

    /s/
KRAUSE, J.